Joseph A. Belmont (SBN 345571)
NOVA & BELMONT, PROFESSIONAL LAW CORPORATION
1000 Town Center Drive, Suite 300
Oxnard, California 93036-1117
Telephone: (831) 607-9186
Email: jbelmont@novabelmont.com
Attorney for Petitioner JONATHAN IVAN PEREZ GONZALEZ

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| JONATHAN IVAN PEREZ GONZALEZ,<br><br>Petitioner,<br>v.<br><br>WARDEN, ADELANTO ICE PROCESSING CENTER; LOS ANGELES ICE FIELD OFFICE DIRECTOR, in their official capacities,<br><br>Respondents. | Case No. |

VERIFIED PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

Petitioner challenges the legal process supporting his continued immigration detention and seeks immediate release or a constitutionally adequate new bond hearing. He also seeks production of the alleged Form I-200 and records material to the arrest and the disputed allegations used to deny bond.

Jurisdiction and parties

1. Petitioner is a native and citizen of Mexico, A 246-062-042. He has been held in civil immigration detention since July 10, 2026. He is detained at Adelanto ICE Processing Center, Adelanto, California. Respondent Warden of Adelanto ICE Processing Center is his immediate physical custodian. Respondent Los Angeles ICE Field Office Director exercises authority over immigration custody.

2. This Court has jurisdiction over the legality of custody under 28 U.S.C. §§ 2241(a), (c)(3) and 1331 and authority to grant appropriate habeas relief under § 2243. Venue and territorial jurisdiction are proper in the district where Petitioner is held by his immediate custodian.

3. Petitioner challenges the constitutional procedures used to sustain detention, not the merits of removability or an eventual removal order. Section 1226(e) bars review of the discretionary decision whether to grant bond, but permits review of constitutional and legal errors in the decisionmaking process. *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011); *Martinez v. Clark*, 124 F.4th 775, 782–83 (9th Cir. 2024).

4. Petitioner reserved appeal at the September 17, 2026 bond hearing. The IJ stated that the appeal was due October 19, 2026. The Board received his Form EOIR-26 bond appeal on September 21, 2026; counsel reports that acceptance is

pending. No final removal order is alleged. Petitioner requests prompt consideration because detention continues.

Factual allegations

5. On July 10, 2026, around 7:15 a.m., ICE officers conducted a targeted operation at Petitioner's known home in Thousand Oaks, California. The Form I-213 says officers stopped his vehicle as he left the residence, confirmed his identity, and told him they had a Form I-200 administrative arrest warrant. Petitioner's young daughter was in the vehicle.

6. As described in his declaration, Petitioner reports that multiple armed officers in unmarked vehicles surrounded his car, ordered him out using threats and profanity, and did not show him an arrest warrant when he asked. He reports that officers searched the vehicle without consent after moving him to another car. Exhibit A ¶¶ 2–5. Counsel has not received the Form I-200, its issuance record, the arrest or search records, or any testing of the alleged substances.

7. A Form I-200, if validly issued, may authorize an immigration arrest in a public place even though it is administrative rather than signed by a judge. Petitioner therefore alleges in the alternative that, if DHS cannot produce a valid warrant predating the seizure, it must identify the legal basis for a warrantless arrest, including facts supporting a belief that Petitioner was likely to escape before

a warrant could be obtained under 8 U.S.C. § 1357(a)(2). He does not contend that the absence of a judicial signature, standing alone, invalidates a public-place immigration arrest.

8. The I-213 attributes the arrest account in part to statements of unnamed officers. Petitioner states he had no drugs and underwent no toxicology testing. Exhibit A ¶ 6. The form alleges officers saw a container with green leafy material, a pipe, and white powder inside a rolled dollar bill that was "consistent with" cocaine. It also says officers asked Petitioner if he was under the influence because of white residue near his nostril; Petitioner remained silent. The form identifies no laboratory or field test, toxicology, sobriety assessment, photograph, inventory, quantity, seizure record, criminal referral, or drug charge. It does not identify which officer saw which item or establish who possessed it.

9. The I-213 also materially misstates dates and categories in the criminal history. It characterizes a 2013 incident as a DUI arrest and describes vandalism as occurring in 2012; the accompanying state record identifies the adult DUI disposition in 2012 and a 2023 vandalism matter later resolved through diversion and dismissed.

10. On September 17, 2026, Immigration Judge Patrick Barrett held a custody redetermination hearing under INA § 236(a). Petitioner submitted identification, a

sponsor letter from his United States citizen wife, records relating to their two United States citizen children, tax evidence, and community or employer letters. DHS offered the I-213 and criminal-history material. Counsel objected specifically to the drug allegations, identifying unnamed reporting officers and the absence of testing, inventory, chain of custody, toxicology, citation, arrest, and charge. The IJ admitted the material and said he would give it "appropriate weight."

11. DHS argued that Petitioner used drugs and drove while impaired with his daughter in the vehicle and invoked *Matter of Salas Pena*, 29 I&N Dec. 173 (BIA 2025). That case concerned an approximately 2,077-gram cocaine trafficking charge supported by a detailed police report and other evidence. No comparable charge or corroboration appears here. The I-213 records an officer's question about drug use, but does not report an admission, field-sobriety test, or direct observation of impairment.

12. The IJ denied bond solely for failure to establish absence of danger, citing "criminal history," including recent vandalism resolved through diversion, and substances "consistent with drugs" in the car and near the nostril. The IJ observed that Petitioner had filed no declaration addressing the allegation. He made no flight-risk finding and gave no specific explanation of the weight assigned to the disputed I-213 passage or of how the favorable evidence affected his decision. Petitioner reserved appeal.

**Ground one: Inadequate process supporting continued detention**

13. Petitioner incorporates paragraphs 1-12. Civil detention must comply with the Fifth Amendment. The hearing's decisive adverse inference concerning drug use or impairment rested on a tentative, untested substance description and an officer's question, without a finding of who saw the substances, what was tested, whether Petitioner possessed them, or whether he was impaired. The IJ admitted the challenged passage but did not meaningfully resolve the specific reliability objection or explain the factual bridge between the reported observations and present danger.

14. An I-213 is generally presumed admissible and reliable. *Matter of Mercado-Martinez*, 29 I&N Dec. 529, 530-31 (BIA 2026). That decision also recognizes that materially undermining evidence may be considered and that a form merely repeating others' assertions may carry no independent weight. *Id.* at 530 (citing *Hernandez-Guadarrama v. Ashcroft*, 394 F.3d 674, 680 (9th Cir. 2005)). Petitioner does not claim a categorical right to exclude hearsay or automatically confront every officer. He challenges whether the procedure furnished a meaningful determination of the reliability of the decisive allegation.

15. The IJ did not make a finding of cocaine possession or intoxication and did not address the gap between DHS's argument that Petitioner drove while impaired

and the I-213's actual language. Given the centrality of this allegation to the ruling, the absence of findings and a reasoned resolution of the reliability objection created a substantial risk that suspicion was treated as proof. Petitioner requests a constitutionally adequate new hearing with specific findings, the opportunity to present a responsive declaration and contest the factual predicate, and disclosure of the material arrest records relied upon. Petitioner acknowledges that he was allowed to object and could have submitted a declaration at the initial hearing; the Court must consider those facts in assessing this claim.

Ground two Arrest authority and continuing custody pleaded in the alternative

16. Petitioner incorporates paragraphs 1-12. The I-213 affirmatively states that a Form I-200 existed. Petitioner has not seen it. If DHS produces a valid preexisting I-200 authorizing Petitioner's public-place arrest, the fact that officers did not display a judge-signed warrant does not itself establish unlawful custody. If no such warrant existed, Petitioner requests adjudication of whether officers satisfied § 1357(a)(2), including its likelihood-of-escape requirement, and whether the seizure and subsequent custody have an independent lawful basis.

17. The claim concerning the vehicle search also depends on the timing, scope, consent, inventories, and governing exception, none of which can be established on the present documents. Petitioner requests production of the Form I-200, arrest

narrative, search documentation, and any available recordings. He does not assert that an unlawful arrest automatically nullifies removal proceedings or requires release despite a later independent statutory basis for detention. See *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984).

**Prayer for relief**

Petitioner requests that the Court: (1) issue an order to show cause and require Respondents to produce the custody and arrest record, including the alleged Form I-200 and materials supporting the disputed drug allegations; (2) declare the challenged custody process unconstitutional if established; (3) order Petitioner's immediate release from immigration detention, subject to reasonable supervision if appropriate; (4) in the alternative, order a prompt, constitutionally adequate new bond hearing, before a different Immigration Judge if the Court finds that necessary to ensure a fair hearing, with a meaningful opportunity to contest the drug allegations and specific findings on the evidence and the release decision; and (5) grant such further relief as law and equity permit.

Dated: September 21, 2026
Respectfully submitted,
/s/ Joseph A. Belmont
Joseph A. Belmont
Counsel for Petitioner

# VERIFICATION OF COUNSEL

Pursuant to 28 U.S.C. § 2242, I, Joseph A. Belmont, declare as follows:

1. I am an attorney licensed to practice before this Court and counsel for Petitioner Jonathan Ivan Perez Gonzalez.

2. I make this verification on Petitioner's behalf under 28 U.S.C. § 2242. Petitioner is detained at Adelanto ICE Processing Center, and I am submitting this petition on his behalf to challenge his continued detention.

3. The factual allegations in the petition are based on my personal knowledge where applicable, my review of the Form I-213, criminal-history records, bond submissions and hearing record, my communications with Petitioner, and documents maintained in my case file. As to matters stated on information and belief, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 21, 2026 at Oxnard, California.
Respectfully submitted,
/s/ Joseph A. Belmont
Joseph A. Belmont
Counsel for Petitioner

# EXHIBIT INDEX

Exhibit A — Declaration of Jonathan Ivan Perez Gonzalez (pages 10–12)

| | |
|---|---|
| JONATHAN IVAN PEREZ GONZALEZ,<br><br>Petitioner,<br>v.<br><br>WARDEN, ADELANTO ICE PROCESSING CENTER; LOS ANGELES ICE FIELD OFFICE DIRECTOR, in their official capacities,<br><br>Respondents. | Case No. |

EXHIBIT A

DECLARATION OF JONATHAN IVAN PEREZ GONZALEZ

1. I, Jonathan Ivan Perez Gonzalez, declare as follows. I have personal knowledge of the events described below unless otherwise stated. I make this declaration in support of my petition challenging my immigration detention.

2. My A-number is 246-062-042. On July 10, 2026, at approximately 7:15 to 7:45 a.m., I was driving near my residence in Thousand Oaks, California. My young daughter was in the car. I was headed to a mediation appointment at the Ventura County courthouse.

3. Approximately ten officers in plain clothes and tactical vests marked "Police ICE" approached in unmarked vehicles. They drove in front of, beside, and behind

my car, blocking my path. I saw weapons drawn. An officer ordered me to get out and threatened to break my window, using profanity.

4. An officer told me that they had a warrant for my arrest. I asked to see it. They showed me an image of my face, but I was not shown a warrant or given a copy. I did not see a document signed by a judge. I cannot say from what I personally saw whether an administrative warrant existed.

5. I unlocked the car door after officers tried to open it, and officers pulled me from the vehicle. I did not resist. Officers placed me in an unmarked vehicle. I did not give permission for a search of my car. I observed an agent driving my car, but I could not see everything officers did inside it or whether they removed any item.

6. I did not have any drugs with me or in my car on July 10, 2026. I was not charged with any drug offense arising from that arrest, and I did not undergo any toxicology testing.

7. After the arrest, officers asked me to sign papers in Spanish. English is my stronger language, and I do not read or write Spanish well. I asked for an attorney, and I did not sign those papers. I received a Notice to Appear but no copy of the warrant officers said they had.

8. I have a wife and two daughters. If released, I can live with my wife. I will attend all immigration hearings and comply with reasonable reporting and release

conditions. I have not missed an immigration or criminal court hearing to my knowledge.

9. On September 17, 2026, the Immigration Judge denied my request for bond. I understand that my attorney has filed an appeal of that decision. I remain detained at Adelanto ICE Processing Center.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 21, 2026, 2026, at Adelanto CA.

DETAINED

Jonathan Ivan Perez Gonzalez