**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

JONATHAN IVAN PEREZ GONZALEZ,

Petitioner,

v.

WARDEN, ADELANTO ICE PROCESSING CENTER, *et al.*,

Respondents.

Case No. 5:26-cv-05521-RAO

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

## I. INTRODUCTION

On September 21, 2026, Jonathan Ivan Perez Gonzalez ("Petitioner"), currently detained at Adelanto ICE Processing Center and represented by counsel, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition") Dkt. No. 1 ("Pet."). Petitioner challenges the procedures used to sustain his current detention. Pet. at 2. Respondents filed a Response on September 28, 2026, stating that the Petition should be dismissed because Petitioner has not yet exhausted his administrative remedies regarding the denial of a bond hearing Petitioner received on September 17, 2026. Dkt. No. 8 ("Ans."). Petitioner did not file a Reply.

The Petition states that Petitioner was arrested on July 10, 2026, outside his residence and was informed by Immigration and Customs Enforcement ("ICE") agents that they had a Form I-200 administrative arrest warrant. Pet. at 3. The Petition disputes information contained in a Form I-213 regarding the circumstances and facts surrounding his arrest and detention. *Id.* at 4. On September 17, 2026, an immigration judge ("IJ") held a custody redetermination hearing under 8 U.S.C. § 1226(a). *Id.* at 4-5. At the conclusion of the hearing, the IJ found Petitioner was a flight risk and cited to Petitioner's criminal history. *Id.* at 5. Petitioner reserved his right to appeal the IJ's decision but has not yet filed an appeal to the Board of Immigration Appeals ("BIA"). The Petition claims Petitioner's continued detention violates due process under the Fifth Amendment. *Id.* at 6.

In their Answer, Respondents attach Petitioner's Form I-213 and the IJ's Order denying bond. *See* Dkt. Nos. 8-1, 8-2.

The Form I-213 provides background information regarding Petitioner's immigration history, which the Court summarizes: Petitioner, a citizen of Mexico, claimed to have entered the country without inspection on an unknown date at or near an unknown location. Dkt. No. 8-1. In September 2007, Ventura County Sheriff's Department arrested Petitioner for the crime of threatening with intent to terrorize. *Id.* In May 2008, Petitioner was arrested for assault in Ventura County. In September 2008, Ventura County Sheriff's Department arrested Petitioner for obstruction of a peace officer. *Id.* In June 2012, Petitioner was arrested in Ventura County for driving under the influence of alcohol. *Id.* In December 2012, Petitioner was convicted for the offense of driving under the influence of alcohol; the same month he was arrested for vandalism. *Id.*

The IJ's Order denied bond on the basis of flight risk, stating "Respondent failed to meet his burden to establish that he is not such a significant risk of flight that no amount of bond or alternatives to detention would be sufficient to mitigate

it." Dkt. No. 8-2 at 1.

The Answer notes that Petitioner has received a bond hearing and his remedy for challenging the result of that hearing is via an appeal to the BIA. Ans. at 2. Respondents further argue that Petitioner is required to exhaust his administrative remedies before seeking relief before the district court. *Id*. at 3.

As already stated, Petitioner did not file a Reply.

Because Petitioner failed to exhaust administrative remedies and Petitioner has failed to establish any valid exception to the exhaustion requirement, the Court DISMISSES the Petition WITHOUT PREJUDICE.

## II. <u>DISCUSSION</u>

Administrative exhaustion is not statutorily mandated under § 2241, but prudential exhaustion may be required when

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (citation omitted). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9h Cir. 2011).

Administrative exhaustion may be waived when "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004). "The party moving

the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of these *Laing* factors applies." *Chavez v. Noem*, 801 F. Supp. 3d 1133, 1139 (S.D. Cal. 2025) (citation omitted).

As a general matter, when a detainee has received a bond hearing before an IJ, the detainee may appeal the IJ's decision to the BIA if not satisfied with the outcome. *See Leonardo*, 646 F.3d at 1160. "If they remain dissatisfied, they may file a petition for habeas corpus in the district court." *Id.* (citation omitted). Petitioners should "exhaust[] administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision." *Id.*; *see Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 819 (9th Cir. 2003) ("[A] petitioner must exhaust administrative remedies before raising the constitutional claims in a habeas petition when those claims are reviewable by the BIA on appeal[.]").

Prudential exhaustion applies here. First, because Petitioner is challenging the IJ's application of the relevant factors in determining that he is a flight risk, BIA review is needed to establish a proper record and reach a proper decision. *See Hernandez*, 872 F.3d at 988.

Second, Petitioner filed this Petition before seeking BIA review. Reviewing Petitioner's claim before the BIA's review would allow Petitioner to obviate the administrative process and would "disrupt the agency's autonomy and result in unnecessary judicial review of unexhausted claims." *Matevosyan v. Warden, Desert View Annex Det. Facility*, 2025 WL 978153, at *4 (C.D. Cal. Feb. 24, 2025) (citations omitted), *report and recommendation adopted*, 2025 WL 975009 (C.D. Cal. Mar. 31, 2025).

Third, the BIA is likely capable of correcting the error alleged to have occurred in Petitioner's bond hearing. Here, Petitioner contends that there are deficiencies in the IJ's findings. *See, e.g.,* Pet. at 6 ("The IJ did not make a finding of cocaine possession or intoxication and did not address the gap between DHS's argument that

Petitioner drove while impaired and the I-213's actual language.") The BIA is capable of reviewing the evidence and determining whether the IJ applied the risk of flight factors properly, considered all the evidence, and found correctly that the government carried its evidentiary burden. *See Doe v. Becerra*, 2025 WL 1233883, at *4 (E.D. Cal. Apr. 29, 2025); *see also Aden v. Nielsen*, 2019 WL 5802013, at *2 (W.D. Wash. Nov. 7, 2019) ("[T]he BIA is capable of re-assessing the evidence and determining whether the government has carried its burden of demonstrating by clear and convincing evidence that [petitioner] is a current danger and must be detained."). Although Petitioner contends that his continued detention is unconstitutional under the Fifth Amendment, that claim ultimately turns on whether the IJ applied the correct standard and properly found that the government carried its evidentiary burden when denying bond. If the BIA determines that the IJ improperly denied bond, Petitioner could ultimately be released on bond. Consequently, although the BIA cannot directly review the constitutionality of an IJ's determination, BIA review may provide the relief that Petitioner seeks.

In sum, prudential exhaustion applies. Further, waiver of the exhaustion requirement is not warranted. Petitioner does not demonstrate that his appeal to the BIA would be inadequate, futile, or void. Petitioner makes no argument regarding irreparable harm or futility such that the Court should excuse exhaustion. Thus, the Court will not review the IJ's bond determination. In sum, the Court finds that exhaustion of administrative remedies is required in this case and that Petitioner has failed to establish any valid exception to the exhaustion requirement.[1]

///

///

///

[1] The Petition also seeks production of certain records. *See* Pet. at 1. But this request is not tethered to any claim, and thus the Court does not address it.

## III. **CONCLUSION**

For the foregoing reasons, Petitioner's Petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE for failure to exhaust the administrative remedies.

DATED: October 2, 2026

/s/
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE